```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF NORTH CAROLINA
            STATESVILLE DIVISION

              5:09CV103-V-02
               (5:06CR37-1-V)
```

| | |
|---|---|
| RAUL NIETO-NUNEZ,              )| |
|     Petitioner,        )| |
|               )| |
|   v.                            )| ORDER |
|               )| |
| UNITED STATES OF AMERICA,      )| |
|     Respondent.        )| |

**THIS MATTER** comes before the Court upon Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed September 8, 2009 (document # 1). After having carefully reviewed the foregoing documents, the record of Petitioner's criminal case, and the relevant legal precedent, the Court concludes –- out of an abundance of caution -- that Petitioner's Motion should be <u>granted</u>, but only for the purpose of allowing him timely to pursue a direct appeal of his underlying criminal case.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On December 18, 2007, a Sixth Superseding Bill of Indictment was filed charging Petitioner (along with 12 other persons) with conspiracy to possess with intent to distribute five kilograms or more of powder cocaine, 50 grams or more of crack cocaine, 50 grams or more of crystal methamphetamine, and 500 grams or more

of a mixture of methamphetamine, all in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count One) (Case No. 5:06CR37-1, document # 219).  Petitioner also was charged with twelve other violations of federal law (Counts Six through Thirteen and Seventeen through Twenty)(Id.).

On January 2, 2008, Petitioner filed an Amended Plea Agreement agreeing to plead guilty to the conspiracy charge and stipulating that the amount of drugs for which he could be held accountable was in excess of five but less than fifteen kilograms of cocaine powder and in excess of 1.5 but less than 5 kilograms of a mixture of methamphetamine.  (Case No. 5:06CR37-1, document # 228).  On January 3, 2008, Petitioner appeared before the Court for his Plea and Rule 11 Hearing.  On that occasion, the Court engaged Petitioner in its standard, lengthy colloquy in order to ensure that his plea knowingly and voluntarily was being tendered.  After carefully considering Petitioner's answers to its numerous questions, the Court determined that Petitioner's guilty plea freely and intelligently was being offered and accepted the plea.  (Case No. 5:06CR37-1, document # 231: Entry and Acceptance of Guilty Plea form).

On July 14, 2008, the U.S. Probation Officer filed a final Pre-Sentence Report for Petitioner recommending that the Court find that his total Offense Level was 34, his Criminal History Category was I, and his resulting range of imprisonment was 151

to 188 months imprisonment. (Case No. 5:06CR37-1, document # 325). On June 30, 2008, Petitioner filed a letter objecting to the Pre-Sentence Report's recommendation that his Offense Level be set at 34. (Case No. 5:06CR37-1, document # 307). In particular, Petitioner argued that he should not have received a three-level managerial enhancement under 3B1.1(b), and that the Report should not have made any reference to his involvement with any quantity of drugs which was greater than the amount to which he had stipulated, notwithstanding the fact that such greater amount was not used to calculate his sentence. (Id.).

On September 8, 2008, the Court conducted Petitioner's Factual Basis and Sentencing Hearing. During the course of that proceeding, defense counsel objected to the managerial enhancement. However, after receiving extensive evidence, including testimony from Petitioner and the case agent, the Court overruled the objection and adopted the Report's calculations. The Court then sentenced Petitioner to a term of 151 months imprisonment. (Case No. 5:06CR37-1, document ## 363 and 364: Judgment and Statement of Reasons, respectively).

There was no direct appeal in this case. However, on September 8, 2009, Petitioner filed the instant Motion to Vacate asserting several claims for relief, including an allegation that his former attorney was ineffective for failing even to consult with Petitioner about the prospects of pursuing an appeal, or to

ascertain whether Petitioner wanted to pursue an appeal(document # 1, 4). Petitioner has signed his Motion to Vacate under penalty of perjury (document # 1, 6).

## II. **ANALYSIS**

As an initial matter, this Court notes that the Supreme Court previously has observed that a defendant has an absolute statutory right to a direct appeal. Rodriquez v. United States, 395 U.S. 327 (1969). Furthermore, the High Court has instructed that it is the defendant who has the ultimate authority to make the fundamental decision as to whether to take that appeal, Jones v. Barnes, 463 U.S. 745, 751 (1983); and that counsel's obligation to assist the defendant includes a duty "to consult with the defendant on important decisions" such as whether or not to take an appeal. Strickland v. Washington, 464 U.S. 668, 688 (1984). Thus, the Supreme Court has said that in a typical case, even where a defendant has not approached his attorney and specifically directed counsel to appeal, "the better practice is for counsel routinely to consult with the defendant about an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). Under those circumstances, the term "consult" means to advise the defendant of the advantages and disadvantages of an appeal and make "a reasonable effort to discover the defendant's wishes." Id. Although the Roe Court declined to announce a per-se consultation rule, it noted its expectations that "the courts evaluating the

4

reasonableness of counsel's performance using the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal." Id. at 481.

In United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000), the Fourth Circuit instructed that under the Flores-Ortega analytical guidelines:

> An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective. . . . When a client does not specifically instruct counsel to appeal, however, whether counsel has been ineffective by failing to appeal depends upon 'whether counsel in fact consulted with the defendant about an appeal'. . . . If counsel has not consulted with his client, the court must then ask whether the failure to consult itself constitutes deficient performance. . . . The Sixth Amendment requires counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe 'either (1) that a reasonable defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing'. . . .

See also Frazer v. South Carolina, 430 F.3d 696, 707-08 (4th Cir. 2005) (affirming district court's grant of relief to § 2254 petitioner who had non-frivolous issue for appeal about which counsel failed to consult).

Relevant to the first of Roe's two alternative tests, the Court notes that during allocution, Petitioner expressed dissatisfaction with his proposed sentence in that he indicated his

5

disbelief concerning the sentencing range which he was facing. Furthermore, while the record reflects that Petitioner was convicted upon his guilty plea, it also shows that he objected, both before and during sentencing, to this Court's application of the three-level managerial enhancement under Guidelines § 3B1.1(b). Moreover, the Court notes that in the absence of that enhancement, even with the 10-year statutory minimum mandatory term, Petitioner's <u>entire Guidelines range</u> of 120 to 135 months (for 31/I), would have been below the 151-month term which he received. To be clear, the Court is not, in any sense, implying or otherwise suggesting that its application of the enhancement was erroneous.[1] Rather, the Court notes this fact merely for the purpose of supporting its determination that, when his <u>pro-se</u> claim is liberally construed, Petitioner sufficiently has established a reasonable probability that, but for counsel's failure to consult with him, Petitioner timely would have appealed his sentence.

Therefore, out of an abundance of caution, the Court finds that it should grant Petitioner's Motion to Vacate, but only for the purpose of allowing him to file a direct appeal. <u>Roe</u>, 528 at 484. Indeed, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from

---

[1] In fact, given that Petitioner's Pre-Sentence Report contained references to his having directed others in their duties for this on-going and widespread conspiracy and the case agent's testimony supported those references, the Court is confident that the enhancement was proper.

6

which an appeal can be taken. Thus, the Court will vacate its Judgment, so that Petitioner may appeal his conviction and/or sentence.

### III. <u>NOTICE OF APPELLATE RIGHTS</u>

Mr. Nieto-Nunez, you hereby are advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court. Upon your request, the Clerk can assist you in preparing your Notice of Appeal.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without having to pay the applicable filing fees. You should discuss the question of appeal with your attorney, if you have one. Notwithstanding whatever he or she may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10-day period in order to make it effective.

Finally, since the Court has decided to grant Petitioner's Motion to Vacate for the purpose of restoring his appellate rights, it must defer ruling on the remaining claims set forth in his Motion. See <u>United States v. Killian</u>, 22 Fed. App'x. 300,

301 (4th Cir. 2001)(noting that where district court grants motion to vacate on a ground such as this, the court must defer ruling on petitioner's remaining claims) (unpublished).  Therefore, those claims are dismissed without prejudice.

### IV.  ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.  That Petitioner's Motion to Vacate is **GRANTED,** but only for the purpose of allowing Petitioner timely to appeal his case;

2.  That Petitioner's original Judgment is **VACATED** due to counsel's failure to consult with Petitioner concerning his desire for an appeal;

3.  That the Clerk is directed to prepare a new Judgment with the same sentence and conditions as imposed in the original Judgment;

4.  That Petitioner may appeal from his new Judgment as has been explained in this Order; and

5.  That the Clerk shall send copies of this Order to Petitioner and to the United States Attorney for the Western District of North Carolina.

**SO ORDERED.**

Signed: October 19, 2009

Richard L. Voorhees
United States District Judge